**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOFJAN BAHAUDIN, | No. 10-56650 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00510-JFW-PLA |
| v. | |
| JOHN M. McHUGH, Secretary, United States Department of the Army, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted January 17, 2012[**]

Before:     LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Sofjan Bahaudin appeals pro se from the district court's order dismissing his

employment action as barred by a settlement agreement. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo the district court's interpretation of a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

settlement agreement, and for clear error any factual findings made in interpreting the settlement agreement. *City of Emeryville v. Robinson*, 621 F.3d 1251, 1261 (9th Cir. 2010). We affirm.

The district court properly dismissed Bahaudin's action as barred by the terms of the settlement agreement resolving his prior employment action. *See Stroman v. W. Coast Grocery Co.*, 884 F.2d 458, 461-63 (9th Cir. 1989) (Title VII claims barred by prior agreement where waiver was voluntary, deliberate, and informed). Bahaudin failed to establish that the settlement agreement was procured by fraud and was therefore invalid. *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 848 (9th Cir. 2004) (upholding settlement agreement where plaintiff failed to establish that the agreement was procured by fraud or any other basis that would render it invalid).

The district court did not abuse its discretion by dismissing without leave to amend because amendment would be futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

Bahaudin's remaining contentions are unpersuasive.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**