**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

COURTNEY GORDON, an individual,
on behalf of herself and those
similarly situated,
                 *Plaintiff-Appellant,*

v.

CITY OF OAKLAND, a municipal
corporation,
                 *Defendant-Appellee.*

No. 09-16167

D.C. No.
3:08-cv-01543-
WHA

OPINION

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Argued and Submitted
October 8, 2010—San Francisco, California

Filed November 19, 2010

Before: Procter Hug, Jr., Pamela Ann Rymer and
N. Randy Smith, Circuit Judges.

Opinion by Judge Hug

18635

**COUNSEL**

Jon Webster, Concord, California, for the appellant.

Eugene B. Elliot and Michael C. Wenzel, Bertrand Fox & Elliot, San Francisco, California, for the appellee.

## OPINION

HUG, Senior Circuit Judge:

This case concerns the City of Oakland's ("City") policy requiring police officers to repay a portion of their training costs if they voluntarily leave the City's employment before completing five years of service. Plaintiff-appellant Courtney Gordon was a police officer for the City who left her position after less than two years. She alleges that the City violated the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, by requiring her to reimburse it for part of her training costs. The district court dismissed Gordon's complaint for failure to state a claim. Gordon appeals the district court's partial denial of her motion for leave to file her Proposed First Amended Complaint. The issue in this case is whether Gordon's Proposed First Amended Compliant states a cognizable claim under the minimum wage provisions of the FLSA. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.   BACKGROUND

The facts here are taken from Gordon's Proposed First Amended Complaint and the attachments thereto. Since the late 1990s, the City and the collective bargaining unit for City police officers, the Oakland Police Officers' Association, have entered into successive collective bargaining agreements. These agreements provide that officers who voluntarily separate from the City's employment prior to completing five years of service must repay a pro rata share of their police academy training costs. The agreement at issue here states that the cost of the training is $8,000, and it establishes the following repayment schedule:

| Length of Service | % of Repayment Due |
|---|---|
| Separation prior to 1 year | 100% repayment of the $8,000. |
| Separation after 1 year but before completing the second year | 80% repayment of the $8,000. |
| Separation after 2 years but before completing the third year | 60% repayment of the $8,000. |
| Separation after 3 years but before completing the fourth year | 40% repayment of the $8,000. |
| Separation after 4 years but before completing the fifth year | 20% repayment of the $8,000. |
| Separation after 5 years | 0% repayment |

The agreement further provides that any repayment is due at the time of the officer's separation and that the City will deduct any amounts owed from the officer's final paycheck and any balance will be due.[1]

Gordon was a successful applicant for the position of

---

[1]The City conceded at oral argument that it would have violated the minimum wage provisions of the FLSA had it followed this collective bargaining agreement and withheld Gordon's *entire* final paycheck in satisfaction of her debt.

Police Officer Trainee. She was advised that she was required to sign the "Conditional Offer of Position as a Police Officer Trainee" ("Conditional Offer") to complete the hiring process. The Conditional Offer restated the training repayment schedule established in the collective bargaining agreement but it did not include a statement that the City would withhold an officer's paycheck in satisfaction of any repayment owed. Gordon accepted and signed the Conditional Offer and became a police officer trainee employed by the City. The City directed her to attend its police academy, and she successfully completed her training in June 2006. She then became a police officer for the City.

On January 25, 2008, before completing her second year of service, Gordon resigned. At that time, she was earning $37.8025 per hour. In her final two weeks of work, Gordon was compensated for sixty hours. Her regular hourly pay, combined with an educational incentive in the amount of $117.33, resulted in Gordon earning $2,385.48 in gross pay for her final two workweeks. Gordon received a final paycheck reflecting this amount.

On the same day as her resignation, the City's Fiscal Services Division notified Gordon that the City was entitled to recover $6,400 (eighty percent of $8,000) in training costs as set forth in the Conditional Offer Gordon signed. This notification stated that the City had withheld, in partial satisfaction of these claims, the paychecks for Gordon's accrued unused vacation ($1,295.57) and compensatory time off ($654.77). Thus, the City's total remaining demand was $4,449.66.[2] This unpaid demand increased to $5,268.03 in March 2008 with the addition of a "collection fee."

---

[2]Due to an apparent "miscalculation" by the City of the sum it claims was due, and the Proposed First Amended Complaint's failure to explain the nature of this "miscalculation," the $4,449.66 balance is the court's figure. This total is the amount remaining after deducting the sum of Gordon's two withheld checks ($1,950.34) from the City's $6,400 training reimbursement claim.

Gordon, on behalf of herself and others similarly situated, filed this action in district court seeking damages and declaratory relief under the FLSA, 42 U.S.C. § 1983, and various California state laws. The district court granted the City's motion to dismiss Gordon's complaint for failure to state a claim and gave Gordon fourteen days within which to file a motion for leave to file an amended complaint.

Following the court's dismissal, Gordon paid the City the $5,268.03 it claimed was due and moved for leave to file her Proposed First Amended Complaint. The new complaint eliminated all but the FLSA claims and included that she paid the City $5,268.03 for "training reimbursement" and "collection costs." The district court concluded that the proposed amended complaint still did not demonstrate that Gordon was paid less than the federal minimum wage during any workweek, and it denied her leave to file her minimum wage claim in the amended complaint. The district court did, however, grant Gordon leave to amend to assert a claim for violation of the overtime wage requirements under 29 U.S.C. § 207(o). Gordon subsequently dismissed with prejudice all overtime wage claims under 29 U.S.C. § 207(o) and entered into a Stipulation for Judgment of Dismissal for the purpose of facilitating this appeal.

## II. DISCUSSION

Although leave to amend a deficient complaint shall be freely given when justice so requires, Fed. R. Civ. P. 15(a), leave may be denied if amendment of the complaint would be futile. *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988). We review for abuse of discretion the district court's denial of leave to amend a complaint. *Smith v. Pac. Props. & Dev. Co.*, 358 F.3d 1097, 1100 (9th Cir. 2004). However, whether such "denial rests on an inaccurate view of law, and is therefore an abuse of discretion," requires de novo review of the underlying legal determination. *Id.* All allegations of material fact made in the complaint are taken as true and construed in

the light most favorable to the plaintiff. *See Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).

The issue in this case is whether the Conditional Offer's training reimbursement agreement, which required Gordon to repay $6,400 at the time of her resignation, caused her to receive less than the federal minimum wage during her final workweek. Gordon contends that there is no legal difference between deducting a sum from an employee's check and directly demanding the employee surrender a sum after being paid. She maintains that after subtracting the costs she paid to the City for the training program, she was actually paid a negative sum for her last week of work. The district court, however, concluded that because the City issued Gordon a paycheck exceeding the minimum wage amount, the City's reimbursement demand did not violate the FLSA's minimum wage provision. We affirm.

**[1]** The FLSA requires all covered employers to pay their employees at least the federal minimum hourly wage every workweek. 29 U.S.C. § 206. As a "public agency," the City is a covered employer under the FLSA and must comply with the FLSA's minimum wage requirements. 29 U.S.C. § 203(d). Additionally, employees cannot waive the protections of the FLSA, *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945), nor may labor organizations negotiate provisions that waive employees' statutory rights under the FLSA. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740-41 (1981). Consequently, neither the Conditional Offer nor the collective bargaining agreement limit Gordon's right to receive at least minimum wage.

**[2]** The United States Department of Labor has adopted regulations outlining employers' FLSA obligations. One such regulation is 29 C.F.R. § 535.31, which provides in pertinent part:

> Whether in cash or other facilities, 'wages' cannot be considered to have been paid by the employer and

received by the employee unless they are paid finally and unconditionally or 'free and clear.' The wage requirements of the Act will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash.

Because Gordon did not allege she was paid below the federal minimum wage for any given week,[3] the only way Gordon has stated a cognizable claim is if her payment to the City for a portion of her training costs is a "kick-back" payment as described in section 535.31.

[3] While this court has not previously addressed this issue, we find persuasive the Seventh Circuit's reasoning in *Heder v. City of Two Rivers, Wisconsin*, 295 F.3d 777 (7th Cir. 2002). *Heder* was decided in the context of a similar reimbursement scheme for city firefighters. The City of Two Rivers funded its firefighters' mandatory paramedic training but required a firefighter to reimburse the city for the costs of training if the firefighter left the city's employment before completing three years of service. *Id.* The Seventh Circuit upheld the reimbursement agreement, comparing it to a loan; the cost of the training was a loan the city made to its firefighters, repayment of which was forgiven after three years. *Id.* at 781-82. If, however, a firefighter left before three years of service, the loan became due. *Id.* As long as the city paid departing firefighters at least the statutory minimum wage, it

---

[3]Although the City withheld Gordon's paychecks for her accrued unused vacation ($1,295.57) and compensatory time off ($654.77), Gordon's final paycheck demonstrates that she was paid her regular hourly rate for her final two weeks of work. Gordon does not claim that her hourly rate was below the $5.85 per hour required by the FLSA at the time of her employment. 29 U.S.C. § 206(a)(1)(A).

could collect the training costs as an ordinary creditor. *See id.* at 779.[4]

**[4]** The Seventh Circuit's analysis is applicable here. The $5,268.03 payment Gordon made to the City is repayment of a voluntarily accepted loan, not a kick-back. Instead of requiring applicants to independently obtain their police training prior to beginning employment, which the City could do by only hiring individuals already possessing a POST certification,[5] the City elected to essentially loan police officer trainees like Gordon the cost of their police academy training. The Conditional Offer Gordon signed explained that the City would forgive her repayment obligation at the specified rate and that she would owe nothing after five years of service. Gordon, however, chose not to serve the five years necessary to secure complete forgiveness. Despite the debt Gordon owed following her resignation, the City satisfied the FLSA's requirements by paying Gordon at least minimum wage for her final week of work. The City was therefore free to seek repayment of Gordon's training debt as an ordinary creditor.

**[5]** Because Gordon's repayment of her training costs is not a kick-back under section 531.35, the training reimbursement agreement does not violate the FLSA since she was paid at least minimum wage for her final workweek. Accordingly,

---

[4]Notably, the California Court of Appeal cites *Heder* with approval in its review of the same reimbursement policy at issue here. *See Hassey v. City of Oakland*, 163 Cal. App. 4th 1477 (2008). In *Hassey*, another departing police officer challenged the City's repayment demand under the FLSA. The California Court of Appeal concluded that the plaintiff's reimbursement payment was not a kick-back under section 531.35; and therefore the Conditional Offer's reimbursement agreement did not violate the FLSA. *Id.* at 1486-88.

[5]The Commission on Peace Officer Standards and Training issues POST Certificates to individuals who complete training programs prescribed by the Commission. These certificates enable individuals to independently utilize their peace officer powers in accordance with Cal. Penal Code § 830.1, *et seq.*

we affirm the district court's partial denial of Gordon's Motion for Leave to File her Proposed First Amended Complaint.

**AFFIRMED.**