**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 29 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VERNON WAYNE McNEAL, | No. 10-15576 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-02240-LKK-EFB |
| v. | |
| ERVIN, Correctional Guard, HDSP; EVERT, C/O, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted November 21, 2011[**]

Before: TASHIMA, BERZON, and TALLMAN, Circuit Judges.

Vernon Wayne McNeal appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging that defendants violated his First

Amendment rights by denying him access to the courts and retaliating against him.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We affirm.

The district court properly dismissed McNeal's access-to-courts claim because McNeal did not allege facts showing that defendants' loss of his legal materials in 2004 resulted in any actual injury.  *See Lewis v. Casey*, 518 U.S. 343, 349-53 (1996) (access-to-courts claim requires plaintiff to show that defendants' conduct caused actual injury to a nonfrivolous legal claim).  Contrary to McNeal's contention, the record indicates that the Supreme Court rejected his request for an extension of time to file his petition for certiorari because McNeal failed to attach a copy of the Ninth Circuit order, issued in 2006, denying review of his habeas petition.  *See* Sup. Ct. R. 13.5 ("An application to extend the time to file shall . . . identify the judgment sought to be reviewed, include a copy of the opinion and any order respecting rehearing, and set out specific reasons why an extension of time is justified.").

The district court properly dismissed McNeal's retaliation claim because McNeal failed to allege facts demonstrating that he was engaged in any constitutionally protected activity.  *See Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) ("To state a claim [plaintiff] must allege both that the type of activity he

10-15576

engaged in was protected under the first amendment and that the state impermissibly infringed on his right to engage in the protected activity.").

The district court did not abuse its discretion by dismissing without leave to amend where amendment would be futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

McNeal's remaining contentions are unpersuasive.

**AFFIRMED.**