**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JANETRA JOHNSON, | No. 10-16450 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00281-LJO-DLB |
| v. | |
| DEPARTMENTS OF THE ARMY AND AIR FORCE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Janetra Johnson appeals pro se from the district court's judgment dismissing

her action arising out of her dual status military and civilian employment with the

National Guard and the United States Air Force Reserve. We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo both a district court's dismissal under the *Feres* intra-military immunity doctrine, *Jackson v. United States*, 110 F.3d 1484, 1486 (9th Cir. 1997), and a dismissal for failure to state a claim, *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007).  We affirm.

The district properly dismissed Johnson's employment discrimination and tort claims as precluded by the *Feres* intra-military immunity doctrine.  *See Zuress v. Donley*, 606 F.3d 1249, 1250, 1252-55 (9th Cir. 2010) (noting that *Feres* doctrine applies "whenever a legal action would require a civilian court to examine decisions regarding management, discipline, supervision, and control of members of the armed forces of the United States[,]" and affirming that *Feres* doctrine precluded dual status military and civilian employee's Title VII claims (citation and internal quotation marks omitted)); *Stauber v. Cline*, 837 F.2d 395, 399-401 (9th Cir. 1988) (*Feres* doctrine precluded dual status military and civilian employee's common law tort claims arising from workplace conduct); *see also Jackson*, 110 F.3d at 1489 ("*Feres* bars suits for medical malpractice even when the treatment was not for military-related injuries.").

The district court properly dismissed Johnson's claims under the Health Insurance Portability and Accountability Act ("HIPAA") and the Family and Medical Leave Act ("FMLA") because Johnson did not have a private right of

action.  *See Webb*, 499 F.3d at 1082 ("HIPAA . . . does not provide for a private right of action[.]"); *Russell v. U.S. Dep't of the Army*, 191 F.3d 1016, 1018-19 (9th Cir. 1999) (no private right of action under the FMLA for federal employees with more than twelve months of service).

The district court properly dismissed as time-barred Johnson's Rehabilitation Act claim and her Privacy Act claim arising from the alleged disclosure of her medical information.  *See* Cal. Civ. Proc. Code § 335.1 (establishing two year statute of limitation for personal injury claims); *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 823 & n.11 (9th Cir. 2001) (forum state's statute of limitations for personal injuries applies to Rehabilitation Act claim), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *Rose v. United States*, 905 F.2d 1257, 1259 (9th Cir. 1990) ("The Privacy Act provides a two year statute of limitation, 5 U.S.C. § 552a(g)(5), which commences when the person knows or has reason to know of the alleged violation.").

The district court did not abuse its discretion by dismissing Johnson's third amended complaint without leave to amend.  *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and noting that leave to amend may be denied if amendment would be futile).

Johnson's remaining contentions are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Johnson's request to file a late supplemental excerpts of record is granted.

Defendants' motion to strike those portions of Johnson's supplemental excerpts of record that were not part of the district court record is granted.

**AFFIRMED.**