NOT FOR PUBLICATION

FILED

JAN 31 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JONATHAN K. FARREN, | No. 10-17850 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00970-RLH-LRL |
| v. | |
| OPTION ONE MORTGAGE CORPORATION; PREMIER TRUST DEED SERVICES, INC., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Submitted January 20, 2012[**]
San Francisco, California

Before: McKEOWN, CLIFTON, and BYBEE, Circuit Judges.

Jonathan K. Farren appeals the district court's dismissal of his complaint

with prejudice and denial of his motion to amend the complaint. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Farren filed this lawsuit in July 2008. Appellees filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6), arguing that diversity of citizenship did not exist and that the complaint failed to state a claim upon which relief can be granted. The district court granted that motion in January 2009, without specifying whether the dismissal was without prejudice. In November 2010, Farren filed a motion to amend his complaint. The district court denied the motion, finding that it was untimely and futile. The district court also clarified that the previous dismissal of the original complaint was with prejudice.

The district court properly found that Farren's motion was futile.[1] The proposed amended complaint failed to state a cause of action under 42 U.S.C. § 1983. *See Harper v. Fed. Land Bank of Spokane*, 878 F.2d 1172, 1178 (9th Cir. 1989) ("[T]he fact that a state permits the use of foreclosure procedures and subsequent sheriff sales as the execution of a judgment is not sufficient to constitute state action."). Furthermore, the district court had previously granted a motion to dismiss arguing that diversity of citizenship did not exist, thus finding—indirectly—that the court lacked subject-matter jurisdiction on that

---

[1] We review the district court's denial of leave to amend for abuse of discretion, but whether the denial rests on an accurate view of law is reviewed de novo. *Gordon v. City of Oakland*, 627 F.3d 1092, 1094–95 (9th Cir. 2010).

ground. Farren does not challenge this finding on appeal, thus forfeiting any argument that the other counts of the proposed amended complaint—bringing causes of action under state law—were properly in federal court even without the § 1983 claim.

Farren is correct, however, that the dismissal of the original complaint in this case should have been without prejudice. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036, 1040 (9th Cir. 2004).

We AFFIRM with instructions to the district court to enter an order of dismissal without prejudice.