**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODERICK V. BONE,<br><br>    Plaintiff-Appellant,<br><br>vs.<br><br>CITY OF LOS ANGELES, a MUNICIPAL CORPORATION; JOHN KELLY, an individual; and JOHN DOES 1-9, inclusive,<br><br>    Defendants-Appellees. | No. 10-55475<br><br>D.C. No. 2:09-cv-07327-GHK-E<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted November 16, 2011
Pasadena, California

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and MILLS, Senior District Judge.[**]

Roderick V. Bone, an African-American, filed a civil rights action pursuant to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, Springfield, sitting by designation.

42 U.S.C. § 1983, asserting claims for denial of equal protection under the law, violation of procedural due process and conspiracy, in addition to several state law claims. The district court determined that Bone's section 1983 claims were barred by the applicable statute of limitations, and granted the motion to dismiss. We reverse and remand.

Bone's initial complaint was apparently prepared with the assistance of counsel. His first amended complaint, which asserted five causes of action against the City of Los Angeles ("the City") and John Kelly, an inspector for the City's Department of Building and Safety, was prepared pro se. Nine days after the first amended complaint was filed, new counsel filed a request for appointment to represent Bone. That request was granted the same day that the City and Kelly filed a motion to dismiss the first amended complaint. A hearing on the motion to dismiss was set for March 1, 2010. Now aided by counsel, Bone on February 8, 2010, filed a response to the motion to dismiss and an application to file a second amended complaint. On February 24, 2010, the district court announced that the oral argument on the Defendants' motion was canceled and the matter would be taken under submission. Two days later, the motion to dismiss the pro se first amended complaint was granted and Bone's application to file a second amended complaint was denied as futile.

A district court's order granting a motion to dismiss under Rule 12(b)(6) is

subject to *de novo* review. *See Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). Although "detailed factual allegations" are not required under Rule 8, a complaint must include more than a "formulaic recitation of the elements of a cause of action." *See id.* (citation omitted). Dismissal is appropriate only if "it appears beyond doubt" that the nonmoving party "can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotation marks and citation omitted). The complaint must include sufficient factual allegations which, when accepted as true, "state a claim to relief that is plausible on its face." *Id.* In other words, the court must be able to reasonably infer that the defendant is liable. *See id.*

A district court's order denying leave to amend a complaint is reviewed for abuse of discretion. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010). Although Rule 15(a) requires that leave be freely given when justice so requires, leave to amend may be denied if amendment of the complaint would be futile. *See id.*

Because section 1983 does not contain its own limitations period, federal courts borrow the statute of limitations for personal injury claims in the forum state. *See TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In California, the statute of limitations for personal injury claims is two years. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). However, courts "borrow no more than necessary" when

borrowing a state statute of limitations for a federal cause of action. *See TwoRivers*, 174 F.3d at 991. Accordingly, it is federal law, not state law, which determines when a civil rights action accrues. *See id.* The relevant inquiry in determining accrual is "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.*

In actions like this, when federal courts borrow a state limitations period, the court also borrows the forum state's tolling rules. *See id.* at 992. California has the "discovery rule" of tolling, "which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Fox v. Ethicaon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005). "A plaintiff has reason to discover a cause of action when he or she has reason at least to suspect a factual basis for its elements." *Id.* (internal quotation marks and citation omitted). "[S]uspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period." *Id.* California courts do not take a "hypertechnical approach" to interpreting the term "elements"–rather, a court examines whether a plaintiff has "reason to at least suspect that a type of wrongdoing has injured" him. *Id.*

This is a close case. At first glance, it appears that the district court correctly determined the claims were barred by the statute of limitations and amendment of the

complaint would be futile. However, Bone alleges his suspicion that he was being treated wrongfully by Kelly did not ripen into constructive knowledge of a potential section 1983 action until July of 2009, which is well within the limitations period. Bone claims it was then that he drove by his former property and noticed a for sale sign, and that the code violations that Kelly had required him to address remained noncompliant. Bone now seeks to allege that many of the neighboring properties were constructed in the 1940s and were not required to comply with the same modern building codes. If the district court had permitted oral argument on the motion to dismiss the pro se first amended complaint, counsel may well have told the district court that comparison with the treatment of the other houses in the neighborhood did not reveal racial prejudice by Kelly because those houses did not need permits, and their noncompliant conditions were grandfathered.

Until Bone drove by his former property in July of 2009, he might have had no reason to suspect that he was a victim of discrimination. Instead, he could have believed he was simply dealing with a very strict city inspector. Assuming the truth of the allegations Bone now seeks to make, we conclude that Bone has asserted a section 1983 claim that is plausible. Therefore, we are unable to conclude that amendment of the first amended complaint would have been futile.

It appears that the pro se first amended complaint was prepared during a very

5

brief period between the withdrawal of initial counsel and appointment of second counsel.  Given all of these circumstances, we believe that Bone should be allowed to amend his complaint and pursue his claims against Kelly and the City of Los Angeles.

**REVERSED AND REMANDED.**



***Bone v. City of Los Angeles*, No. 10-55475**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.