**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELA ALLEN, | No. 11-15425 |
| Plaintiff - Appellant, | DC No. CV 3:10-4492 WHA |
| v. | |
| DOLLAR TREE STORES, INC., AKA Dollar Tree Stores; DOLLAR TREE STORES, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted July 17, 2012
San Francisco, California

Before:    TASHIMA, CLIFTON, and MURGUIA, Circuit Judges.

Angela Allen appeals the district court's dismissal of her diversity action

against Dollar Tree Stores, Inc. ("Dollar Tree") alleging sexual harassment,

retaliation, wrongful termination, breach of an implied contract, and breach of the

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

implied covenant of good faith and fair dealing, in violation of California law.

Allen argues that the district court erred in granting Dollar Tree's motion to dismiss, and in denying her motion to file an amended complaint. We review de novo the district court's decision to grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Henry A. v. Willden*, 678 F.3d 991, 998 (9th Cir. 2012). We review for abuse of discretion the district court's denial of leave to amend a complaint. *Id.*; *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The district court did not err in granting Dollar Tree's motion to dismiss. The court properly dismissed Allen's harassment and retaliation claims because her opposition to the motion to dismiss failed to respond to Dollar Tree's argument that those claims were time-barred. The district court properly dismissed Allen's wrongful termination claim because she failed sufficiently to allege that she was terminated on the basis of her sex. Allen's breach of contract and implied covenant claims were properly dismissed because she did not sufficiently allege the existence of an employment contract. *See Guz v. Bechtel*, 8 P.3d 1089, 1104-09, 1111-12 (Cal. 2000).

2.      The district court did not abuse its discretion in denying Allen's motion for leave to file an amended complaint. Although leave to amend a

deficient complaint should be freely given when justice so requires, Fed. R. Civ. P. 15(a), leave may be denied if amendment of the complaint would be futile. *Gordon*, 627 F.3d at 1094. Allen's Proposed Amended Complaint ("PAC") failed to remedy the deficiencies of the original complaint, so amendment would have been futile. The PAC did not sufficiently allege that Allen's supervisors took adverse action to retaliate against her for engaging in protected conduct, on the basis of her sex or in violation of public policy, and its allegations of an implied-in-fact employment contract remained too conclusory to state a breach of contract or implied covenant claim. *See Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1135-37 (Cal. 2005); *Guz*, 8 P.3d at 1104-09.

**AFFIRMED.**