**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROSEMARY GREENLAW,

        Plaintiff - Appellant,

  v.

TOWER ADAMS; et al.,

        Defendants - Appellees.

No. 10-16511

D.C. No. 5:08-cv-04782-RMW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

    Rosemary Greenlaw, an attorney, appeals pro se from the district court's

judgment dismissing her action alleging, among other claims, a conspiracy to

interfere with her civil rights under 42 U.S.C. § 1985, and violations of the Fair

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Housing Amendments Act ("FHAA") and the Fair Debt Collections Practices Act ("FDCPA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal order. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We affirm.

The district court properly dismissed Greenlaw's FHAA claim based on 42 U.S.C. § 3604(f)(2) because defendants Gage and Adams, who allegedly discriminated against Greenlaw, had no obligation to provide services or facilities in connection with her residence. *See* 42 U.S.C. § 3604(f)(2) (prohibiting discrimination based on handicap by the provider of services or facilities in connection with a dwelling). Moreover, insofar as Greenlaw intended to bring her claim under a different FHAA section, dismissal was proper because her first amended complaint failed to provide any facts supporting her allegations of discrimination. *See Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) ("[C]onclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."); *Gamble v. City of Escondido*, 104 F.3d 300, 304 (9th Cir. 1997) (applying Title VII discrimination analysis to FHAA claims).

The district court properly dismissed Greenlaw's FDCPA claim because Greenlaw failed to sufficiently allege that defendants were "debt collectors" within the meaning of the Act. 15 U.S.C. § 1692a(6) (defining a debt collector as one

who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another").

The district court properly dismissed Greenlaw's conspiracy claim under § 1985 because Greenlaw failed to allege facts sufficient to show that defendants conspired to violate her civil rights. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929-30 (9th Cir. 2004) (describing pleading requirements for a § 1985 claim and explaining that there can be no conspiracy without an underlying rights violation).

The district court did not abuse its discretion by dismissing Greenlaw's first amended complaint without leave to amend after providing her multiple opportunities to state a federal claim. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and noting that leave to amend may be denied if amendment would be futile).

Greenlaw's remaining contentions are unpersuasive.

**AFFIRMED.**