FILED

SEP 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL SCOTT KLEIN, | No. 11-17397 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00648-ECR-VPC |
| v. | |
| DR. SCOTT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., District Judge, Presiding

Submitted September 10, 2012[**]

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Paul Scott Klein, a Nevada state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants

were deliberately indifferent to his serious medical needs with respect to his back

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

injury and pain. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We review for an abuse of discretion a decision to dismiss a complaint without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). We affirm in part, vacate in part, and remand.

The district court properly dismissed Klein's deliberate indifference claims against defendants Palmer, Bannister, Kirkpatrick, Fisher, Rabbi, and the John and Jane Doe corrections officers because Klein failed to allege facts sufficient to show that defendants knew of and disregarded an excessive risk of harm to his health. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057-58, 1060 (9th Cir. 2004) (deliberate indifference is a high legal standard; a showing of negligence, a mere difference of opinion, or medical malpractice is insufficient to establish an Eighth Amendment violation). The district court did not abuse its discretion in declining to allow Klein leave to amend as to these defendants

because it is clear from the allegations in the complaint that amendment would be futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (leave to amend may be denied if amendment would be futile); *see also Toguchi*, 391 F.3d at 1057; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no supervisory liability without personal participation in the alleged deprivation).

However, as to the claim against the medical defendants, namely, defendants Scott, Poag, Egerton, Williams, and Donnelly, dismissal without leave to amend was premature because it is not "absolutely clear" that the deficiencies of the complaint could not be cured by amendment. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). Accordingly, we vacate the judgment as to these defendants, and remand to allow Klein to file an amended complaint.

Klein shall bear his own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**