

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLARENCE M. WILLIS; THOMAS WILLIS,<br><br>    Plaintiffs - Appellants,<br><br> v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, its assignees and/or successors; FEDERAL HOUSING FINANCE BOARD,<br><br>    Defendants - Appellees. | No. 11-18014<br><br>D.C. No. 2:11-cv-00777-KJD-GWF<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted March 12, 2013[**]

Before: PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

 Clarence M. Willis and Thomas Willis appeal pro se from the district court's

judgment dismissing their action arising out of foreclosure proceedings. We have

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *King v. California*, 784 F.2d 910, 912 (9th Cir. 1986). We affirm.

The district court properly dismissed plaintiffs' quiet title claim because plaintiffs did not allege facts showing that they were not in default when defendants initiated non-judicial foreclosure proceedings. *See Breliant v. Preferred Equities Corp*., 918 P.2d 314, 318 (Nev. 1996) (per curiam) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself."). To the extent that plaintiffs sought to allege a claim for wrongful foreclosure, the district court properly determined that this claim would have been time-barred, *see* Nev. Rev. Stat. 107.080(5)(b) (establishing 90 day statute of limitations), and would have failed to state a claim, *see Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983) (wrongful foreclosure claim requires allegation that a lender exercised the power of sale and foreclosed upon property when the homeowner was not in default).

The district court did not abuse its discretion by dismissing without leave to amend where amendment would have been futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

Plaintiffs' contentions concerning the district court's obligation to examine the structure and authority of the Federal National Mortgage Association are without merit.

Plaintiffs' opposed motion to strike the answering brief, filed on July 19, 2012, is denied.

Defendants' request for judicial notice, filed on June 8, 2012, is denied as moot.

Defendants' opposed request for summary dismissal, filed on February 13, 2013, is denied as moot.

**AFFIRMED.**