**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALETA ROSE GOODWIN; ROBERT PAUL MCARTOR; HEATHER GABEL; JOSEPH JONES; MEISA JONES; MICHAEL R. TIERNEY; FREDERICK TULIP; LINDA R. BARBA; CYNTHIA FLAGG; CHARLES FLAGG; JANICE GANNON; WILLIAM DAN KLUTTZ; BRIAN E. JONES; JAMES H. MULLENNIX; HEATHER MONAHAN; GEORGE R. MORENO; TRAVIS RAWLINGS; SYLVIA RAWLINGS; JOHN SULLIVAN; DEBBIE SULLIVAN; JOSEPH E. THURSTON; ARLENE THURSTON; JESUS TOVAR; JOHN F. WILBURN; ROSALIE W. WILBURN; LISA CHENEY; DARRIN CHENEY; JOAQUIN AREVALO; ROSA M. DIAZ; SERGIO DIAZ; PAMELA HORTON; VICTOR PARECE; CODY PREMO; GREGORY W. PREMO; MATTHEW ROBERT ROBINSON; TONYA DAWN ROBINSON; JAMES SANDBORN; JOAN BLAKE; RONNIE MCKINNEY; SIGNE STEHAM, | No. 11-17667 D.C. No. 3:09-cv-00306-ECR-PAL MEMORANDUM* |

Plaintiffs - Appellants,

v.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

COUNTRYWIDE HOME LOANS, INC.; RECONTRUST COMPANY; SAXON MORTGAGE, INC.; T.D. SERVICE COMPANY; QUALITY LOAN SERVICE CORPORATION; NATIONAL DEFAULT SERVICING CORPORATION; AZTEC FORECLOSURE CORPORATION; GMAC MORTGAGE, LLC; NATIONAL CITY MORTGAGE; NATIONAL CITY BANK; NATIONAL CITY CORPORATION; PNC FINANCIAL SERVICES, INC.; WELLS FARGO BANK, NA, DBA Wells Fargo Equity, DBA Wells Fargo Home Mortgage, Inc.; BANK OF AMERICA, NA; WMC MORTGAGE CORP.; TAYLOR BEAN AND WHITAKER TRUSTEE CORP.; IB PROPERTY HOLDINGS, LLC; MTC FINANCIAL, INC., DBA Trustee Corps; LITTON LOAN SERVICING, LP; BANK OF NEW YORK, as successor to JP Morgan Chase Bank, NA, as Trustee for BSALTA 2005-1; OLD REPUBLIC DEFAULT MANAGEMENT SERVICES; NATIONAL DEFAULT SERVICING CORPORATION,

Defendants - Appellees,

and

FEDERAL HOUSING FINANCE AGENCY AS CONSERVATOR OF FANNIE MAE AND FREDDIE MAC,

Intervenor.

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Senior District Judge, Presiding

Submitted November 7, 2013[**]
San Francisco, California

Before: TASHIMA, W. FLETCHER, and NGUYEN, Circuit Judges.

Plaintiffs, homeowners whose home loans have fallen into default, appeal the district court's order dismissing their Second Amended Complaint ("SAC") without leave to amend under Federal Rule of Civil Procedure 12(b)(6). We affirm.

Plaintiffs challenge the order of the Judicial Panel on Multidistrict Litigation ("JPML") transferring this case to the U.S. District Court for the District of Arizona ("MDL Court") and the MDL Court's order interpreting the JPML's order. We lack jurisdiction to review the JPML's order because Plaintiffs have not sought a writ of mandamus. 28 U.S.C. § 1407(e); *Robinson v. Am. Home Mortg. Servicing, Inc.* (*In re Mortg. Elec. Registration Sys., Inc.*), No. 11-17615, at *14 (9th Cir. 2014). Plaintiffs waived their challenge to the MDL Court's order by not "specifically and distinctly" arguing it in their opening brief. *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

On remand from the MDL Court, Plaintiffs' claims for fraud in the inducement fail because the SAC does not plead fraud with particularity. *See* Fed. R. Civ. P. 9(b). The SAC does not identify the agent or agents who made the alleged misrepresentations, what type of employee the alleged agents were, or whether the alleged misrepresentations were made by one or multiple agents. They do not identify the date, location, manner, or frequency of any alleged misrepresentation. They therefore fall short of the particularity required by Rule 9(b). *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).

Plaintiffs' claims for unjust enrichment fail because, under Nevada law, unjust enrichment is not available when the parties had an express written contract. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997). Even if unjust enrichment is available when a contract is procured by fraud, Plaintiffs did not adequately plead fraud under Rule 9(b). Plaintiffs' other arguments on unjust enrichment were not raised in their opening brief and are waived. *See Kim*, 154 F.3d at 1000.

Because Plaintiffs' substantive claims fail, the district court properly dismissed their requests for injunctive and declaratory relief. Plaintiffs do not appeal the dismissal of their unlawful detainer claim.

The district court did not abuse its discretion in denying leave to amend because Plaintiffs twice amended their complaint and were still unable to state a claim for relief. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

**AFFIRMED.**