

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLIE G. HABON; JONATHAN PIERCE; JOSE PORTILLO; MARTHA LOPEZ; DAVID STINNETT; TINA STINNETT, | No. 12-16391 |
| | DC No. 3:10 cv-0191 RCJ |
| Plaintiffs - Appellants, | |
| v. | MEMORANDUM* |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; LIME FINANCIAL; MLSG, INC.; E-LOAN, INC.; WESTERN TITLE COMPANY, INC.; STEWART TITLE COMPANY; LENDERS FIRST CHOICE; CHASE; NATIONAL CITY MORTGAGE; EMC MORTGAGE, INC.; LITTON LOAN SERVICING; BANK OF AMERICA; NATIONAL DEFAULT SERVICING CORPORATION; FEDERAL HOME LOAN MORTGAGE CORPORATION, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Robert Clive Jones, District Judge, Presiding

Submitted November 7, 2013[**]
San Francisco, California

Before:    TASHIMA, W. FLETCHER, and NGUYEN, Circuit Judges.

Plaintiffs, homeowners whose home loans have fallen into default, appeal the district court's order dismissing their complaint under Federal Rule of Civil Procedure 12(b)(6).  We affirm.

**1.**    Plaintiffs challenge the order of the Judicial Panel on Multidistrict Litigation (the "JPML") transferring this case to the U.S. District Court for the District of Arizona (the "MDL Court") and the MDL Court's order interpreting the JPML's order.  We lack jurisdiction to review the JPML's order because Plaintiffs have not sought a writ of mandamus.  28 U.S.C. § 1407(e); *see Robinson v. Am. Home Mortg. Servicing, Inc. (In re Mortg. Elec. Registration Sys., Inc.)*, No. 11-17615, slip op. at __ (9th Cir., June 12, 2014).  Plaintiffs waived their challenge to the MDL Court's order by not "specifically and distinctly" arguing it in their opening brief.  *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998).  Even if the argument were not waived, Plaintiffs have not shown that the district court abused its discretion in its interpretation of the transfer order, *see In re*

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

*Phenylpropanolamine (PPA) Prods. Liab. Litig.,* 460 F.3d 1217, 1231 (9th Cir. 2006), or that their substantial rights were affected by the order, *see* 28 U.S.C. § 2111.

2.      The district court properly dismissed Plaintiffs' claim for unjust enrichment, the only claim over which it had jurisdiction after the JPML split the claims.  Under Nevada law, unjust enrichment is not available when the parties had an express, written contract.  *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).  Even if unjust enrichment is available when an express contract is procured by fraud, Plaintiffs did not plead fraud with particularity.  *See* Fed. R. Civ. P. 9(b).  Because Plaintiffs' claim for unjust enrichment fails, the district court also properly dismissed their requests for declaratory relief, reformation, and quiet title, which were predicated on the unjust enrichment claim.

3.      The district court did not abuse its discretion in denying leave to amend.  Although a district court should grant leave to amend liberally, the court may deny leave if amendment would be futile.  *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2012).  The district court's decision that the amendment would be futile was not an abuse of discretion.  *Id.*

**4.**	Finally, the district court did not abuse its discretion in denying Plaintiff Pierce's motion for reconsideration.  Plaintiff Pierce did not present the district court with any newly discovered evidence, there was no intervening change in controlling law, and, for the reasons discussed above, the district court did not commit clear error and its initial decision was not manifestly unjust.  *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

**AFFIRMED.**