NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR LEE SEVERANCE,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>WU CHENG, Dr., in individual and official capacity; et al.,<br><br>        Defendants-Appellees,<br><br> and<br><br>STATE OF CALIFORNIA; et al.,<br><br>        Defendants., | No. 19-55666<br><br>D.C. No. 2:18-cv-08053-VBF-PLA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted March 3, 2020[**]

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California state prisoner Victor Lee Severance appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Severance's deliberate indifference claim because Severance failed to allege facts sufficient to show that defendants were deliberately indifferent in diagnosing or treating his chest pains. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly dismissed Severance's official-capacity claims as barred by Eleventh Amendment immunity. *See Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) (state officials sued in their official capacities for damages are entitled to Eleventh Amendment immunity).

The district court did not abuse its discretion in denying Severance further

leave to amend because amendment would have been futile. *See Gordon v. City of Oakland,* 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (noting that a district court's discretion is "particularly broad" when it has already granted leave to amend (citation omitted)).

**AFFIRMED.**