NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN E. HOGUE, | No. 19-35086 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00085-BLW |
| v. | |
| KEITH YORDY, Warden, Warden of ISCI; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| KEVIN KEMPF; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted March 3, 2020**

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Idaho state prisoner Brian E. Hogue appeals pro se from the district court's

_____

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment dismissing his action alleging claims under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("RA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed as moot Hogue's request for injunctive relief under the ADA and the RA because Hogue had obtained the relief he sought in this action after being transferred to a new prison. *See Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864 (9th Cir. 2017) (explaining the mootness doctrine).

The district court properly dismissed Hogue's claim for damages under the ADA and RA because Hogue failed to allege facts sufficient to show that defendants were deliberately indifferent to his need for an accommodation. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001) (in order to recover monetary damages under ADA and RA, a plaintiff must show intentional discrimination; the test for intentional discrimination is deliberate indifference).

The district court did not abuse its discretion in denying Hogue further leave to amend because amendment would have been futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile);

2                                                                      19-35086

*Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (noting that a district court's discretion is "particularly broad" when it has already granted leave to amend (citation omitted)).

The district court did not abuse its discretion in denying Hogue's motions to issue subpoenas and to compel discovery responses. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that a district court's "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

We do not consider Hogue's arguments regarding the Eighth Amendment deliberate indifference claims and state law tort claims that were raised in the first amended complaint because Hogue failed to replead these claims in the operative second amended complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (claims are waived on appeal if they are voluntarily dismissed or dismissed with leave to amend but not repled).

**AFFIRMED.**