**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IKEMEFULA CHARLES IBEABUCHI, AKA Charles Ikemefula Ibeabuchi,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>SABINUS AKUJOBI MEGWA, Attorney-in-fact and Executor,<br><br>Defendant-Appellee. | No. 19-16706<br><br>D.C. No. 2:18-cv-01458-JAT-JZB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Ikemefula Charles Ibeabuchi appeals pro se from the district court's

judgment dismissing his action under 42 U.S.C. §§ 1981 and 1983 alleging federal

claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Ibeabuchi's §§ 1981 and 1983 claims because Ibeabuchi failed to allege facts sufficient to state a plausible claim. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (elements of a § 1983 claim); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989) (in a § 1981 action, "plaintiffs must show intentional discrimination on account of race").

The district court did not abuse its discretion by denying Ibeabuchi leave to amend because amendment would have been futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**