**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BENJAMIN FREEMAN,

        Plaintiff-Appellant,

  v.

CHARLES RYAN; et al.,

        Defendants-Appellees.

No. 20-15998

D.C. No. 4:20-cv-00101-RM-PSOT

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted February 17, 2021**

Before:     FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Arizona state prisoner Benjamin Freeman appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging retaliation and deliberate indifference claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e). *Barren v. Harrington*, 152

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1193, 1194 (9th Cir. 1998) (order).  We affirm.

The district court properly dismissed Freeman's action as duplicative because it is based on the same factual allegations as those in *Freeman v. State of Arizona*, CV 18-01015-PHX-JAT.  *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (duplicative complaints can be dismissed as "abusive" under 28 U.S.C. § 1915(e)).

The district court did not abuse its discretion by dismissing Freeman's complaint without leave to amend because amendment would have been futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and grounds for dismissing without leave to amend).

Freeman's request for a status report is denied as moot.

**AFFIRMED.**