NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MUSTAFA RAFEEQ BARAZAHI SADDIQ, AKA Michael Allen Sutton, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> AMAZON.COM, A corporation owned by Beezos; et al., <br><br> Defendants-Appellees. | No. 20-15934 <br><br> D.C. No. 2:20-cv-00620-ROS-MHB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted August 17, 2021[**]

Before:     SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Mustafa Refeeq Barazahi Saddiq appeals pro se from the district court's

judgment dismissing his action alleging copyright infringement and related claims.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Saddiq's claim for copyright infringement because Saddiq failed to allege facts sufficient to show that defendants violated any exclusive distribution rights. *See Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017) (a claim for direct copyright infringement requires a showing of "volitional conduct" or "causation" by the defendant).

The district court properly dismissed Saddiq's claims for violation of the Digital Millennium Copyright Act because Saddiq failed to allege facts sufficient to show that defendants circumvented any technological control with respect to any of appellant's copyrighted work. *See* 17 U.S.C. § 1201(a)(1)(A) ("No person shall circumvent a technological measure that effectively controls access to a [copyrighted] work.").

The district court properly dismissed Saddiq's claim under the Economic Espionage Act because there is no private right of action for misappropriation of trade secrets under this criminal statute. *See* 18 U.S.C. § 1832; *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (criminal statutes generally do not give rise to a private right of action).

The district court did not abuse its discretion by dismissing Saddiq's second

amended complaint without leave to amend after providing him multiple opportunities to state a federal claim. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and noting that leave to amend may be denied if amendment would be futile).

The district court did not abuse its discretion by denying Saddiq's motion for appointment of counsel because Saddiq did not demonstrate "exceptional circumstances" warranting the appointment of counsel. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and "exceptional circumstances" standard for appointment of counsel).

Saddiq's motion for status or ruling (Docket Entry No. 14) is denied as moot.

**AFFIRMED.**