FILED

**NOT FOR PUBLICATION**

SEP 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY L. SARGENT, | No. 11-17371 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01420-CMK |
| and | |
| DANNY F. ATTERBURY, | MEMORANDUM[*] |
| Plaintiff, | |
| v. | |
| PAUL SIMONETA, Shasta County Adult Protective Services; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Craig M. Kellison, Magistrate Judge, Presiding[**]

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

Submitted September 10, 2012[*]

Before:      WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Gary L. Sargent appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants violated his constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011), and we affirm.

The district court properly granted summary judgment on Sargent's claims because defendants did not have a duty under the Fourteenth Amendment to assist Sargent or protect him from the acts of third parties. *See id.* at 971-72; *see also Campbell v. Wash. Dep't of Soc. & Health Servs.*, 671 F.3d 837, 842-43 (9th Cir. 2011) (neither state's knowledge of an individual's situation nor its expressions of intent to help give rise to a duty); *Morgan v. Gonzales*, 495 F.3d 1084, 1092-93 (9th Cir. 2007) (Fourteenth Amendment typically does not impose duty on state to protect individuals from third parties).

We are not persuaded by Sargent's contention that the district court violated his rights by holding an improper ex parte hearing because Sargent was provided notice of the hearing through defendants' motion for summary judgment, which

---

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

listed the date, time, and location for the hearing.

Sargent's contention that he was prejudiced by the district court's purported failure to provide him with "extra care" warranted by his pro se status is unpersuasive. *See Rand v. Rowland*, 154 F.3d 952, 957-58 (9th Cir. 1998) (en banc) (reaffirming the principle that special notice requirements do not apply to non-prisoner pro se plaintiffs); *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (rule of liberal interpretation for pro se litigants may not be used to supply missing elements of a claim).

The district court did not abuse its discretion in denying Sargent leave to amend because the proposed amended complaint would not have cured the deficiencies. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and noting that leave to amend may be denied if amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**