**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES G. REECE, | No. 12-15930 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02949-JAM-DAD |
| v. | |
| ALVARO C. TRAQUINA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Charles G. Reece, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. §1983 action alleging that Traquina was deliberately indifferent to his serious medical needs.  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P.12(b)(6), *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and for an abuse of discretion the denial of leave to amend, *Gordon v. City of Oakland*, 627 F.3d 1092, 1094-95 (9th Cir. 2010). We affirm in part, vacate in part, and remand.

The district court properly dismissed, without leave to amend, Reece's claim that Traquina violated his constitutional rights by not ensuring that a nurse was available to take blood pressure in a specific location in the prison on certain dates in May and June 2010, because there is no allegation that Traquina was personally involved in any alleged lack of availability of a nurse at a particular location, and the complaint and attachments thereto showed that Reece was aware of and utilized alternative locations in the prison for testing his blood pressure. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (supervisory official may be liable under § 1983 only if he was personally involved in the constitutional deprivation, or if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation"); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057-58, 1060 (9th Cir. 2004) (deliberate indifference is a high legal standard; mistakes, negligence or malpractice do not rise to an Eighth Amendment violation).

However, as to Reece's claim that Traquina was responsible for an

institutional policy of failing to provide blood pressure screenings to inmates when the prison was on lockdown, dismissal without leave to amend was premature because it is not "absolutely clear" that the deficiencies of this claim could not be cured by amendment. *Weilberg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). Accordingly, we vacate the judgment as to Reece's claim that Traquina was responsible for a prison policy or practice of denying access to blood pressure screenings during lockdowns, and remand for further proceedings.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**