**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LONNIE E. LARSON, | No. 11-16388 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00308-SOM-BMK |
| v. | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

   Lonnie E. Larson appeals from the district court's judgment in his action

under the Americans with Disabilities Act ("ADA") arising from work-related

injuries and the denial of worker's compensation benefits. We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's rulings on a motion for leave to amend, *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010), and a motion to continue summary judgment to allow for further discovery, *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). We affirm.

The district court did not abuse its discretion in denying Larson's motion for leave to file a fourth amended complaint because Larson failed to allege the elements of a retaliation claim under the ADA despite multiple opportunities to do so, and further leave to amend would have been futile. *See* 42 U.S.C. § 12203(a) (prohibiting retaliation for opposing a practice deemed unlawful under the ADA, or for participating in an investigation or other proceeding related to the ADA); *Gordon*, 627 F.3d at 1094 (no abuse of discretion in denying leave to amend where amendment would be futile).

The district court did not abuse its discretion in denying Larson's motion to continue summary judgment to allow discovery on certain of his claims in the first amended complaint because Larson failed to identify specific facts sought in discovery that would preclude summary judgment. *See* Fed. R. Civ. P. 56(d); *Tatum*, 441 F.3d at 1100-01 (summary judgment need not be continued to allow

plaintiff to receive deposition transcripts where plaintiff failed to identify any facts expected to be in the transcripts that would preclude summary judgment).

Larson's contentions regarding the district court's alleged failure to accord him deference as a pro se litigant, to allow him to conduct discovery before denying him further leave to amend his complaint, or to properly construe his claim for alleged discrimination under the ADA are unpersuasive.

We do not address arguments that Larson waived on appeal, including with respect to the magistrate judge's denial of a motion to compel discovery as to which Larson failed to file any objections. *See* Fed. R. Civ. P. 72(a); *see also Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1173-74 (9th Cir. 1996).

**AFFIRMED.**