NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEOFFREY WILSON, | No. 12-55032 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02454-JVS-JC |
| v. | |
| JAMES TILTON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted April 16, 2013[**]

Before:     CANBY, IKUTA, and WATFORD, Circuit Judges.

Former California state prisoner Geoffrey Wilson appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging, among other

things, violations of his constitutional right to adequate dental care.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

exhaust administrative remedies and for clear error any underlying factual findings. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm.

The district court properly dismissed Wilson's Eighth Amendment claims against defendants Farber-Szekreni, Kuykendall, and Ashley without prejudice because Wilson failed properly to exhaust his administrative remedies before filing suit, and he failed to provide sufficient evidence to show that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Sapp v. Kimbrell*, 623 F.3d 813, 826 (9th Cir. 2010) (administrative remedies are "available" where administrative appeals are screened for proper reasons).

We do not consider Wilson's other claims because Wilson has not raised them on appeal. *See Wilcox v. Comm'r*, 848 F.2d 1007, 1008 n.2 (9th Cir. 1988) (arguments not raised on appeal by pro se litigant deemed abandoned).

The district court did not abuse its discretion in denying Wilson leave to file a Second Amended Complaint where amendment would have been futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

12-55032

Wilson's contention that the district court failed to address his Eighth Amendment claim against defendant Ashley is unpersuasive because the district court dismissed the claim for failure to exhaust administrative remedies.

Defendants' motion to augment the appellate record, filed on August 8, 2012, is granted.

Defendants' motion to take judicial notice, filed on August 8, 2012, is denied as unnecessary.

Wilson's opposed motion to augment the appellate record, filed on August 23, 2012, is granted.

**AFFIRMED.**