**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL B. WILLIAMS, | No. 12-15956 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00456-GBC |
| v. | |
| DEBBIE PHILIPS, Patient's Trust Officer at Coalinga State Hospital; PAM AHLIN, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Gerald B. Cohn, Magistrate Judge, Presiding[**]

Submitted July 24, 2013[***]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Michael B. Williams, a civil detainee confined at Coalinga State Hospital

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Williams consented in writing to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).  Defendants' consent is inferred from its conduct during litigation.  *See Roell v. Withrow*, 538 U.S. 580, 590 (2003).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

pursuant to California's Sexually Violent Predator Act, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that a withdrawal of funds from his patient trust account violated his federal constitutional rights and the no-contest clause of his father's will. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), and we affirm.

The district court properly dismissed Williams's equal protection claim because Williams failed to allege facts demonstrating that defendants intentionally and without rational basis treated him differently from others similarly situated and intentionally discriminated against him. *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (elements of equal protection claim).

The district court properly dismissed Williams's due process claim because the Notice of Intended Withdrawal and denial of Williams's appeal, included as exhibits to the First Amended Complaint, showed that Williams received all of the process that he was due. *See Brady v. Gebbie*, 859 F.2d 1543, 1554 (9th Cir. 1988) (due process requires notice and a meaningful opportunity to be heard).

The district court properly dismissed Williams's takings claim because Williams failed to allege facts demonstrating that his funds were taken for public

use.  *See* Cal. Welf. & Inst. Code § 7281 (sums exceeding $500 in a patient's personal deposit fund "may be applied to the payment of the care, support, maintenance, and medical attention of the patient"); *Ward v. Ryan*, 623 F.3d 807, 810 (9th Cir. 2010) (elements of a takings claim).

The district court properly dismissed Williams's state law claim alleging that defendants violated the "no-contest" provision of his father's will because the defendants were not beneficiaries of the will.  *See Burch v. George*, 866 P.2d 92, 103 (Cal. 1994) (no contest clause "essentially acts as a disinheritance device, i.e., if a beneficiary contests or seeks to impair or invalidate the trust instrument or its provisions, the beneficiary will be disinherited and thus may not take the gift or devise provided under the instrument").

The district court did not abuse its discretion by dismissing without leave to amend because amendment would have been futile.  *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review).

We do not consider Williams's contentions concerning an alleged violation of the equal protection clause of the California Constitution raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

12-15956