**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM GRAY,

          Plaintiff - Appellant,

  v.

DEWAYNE ARREL SHEDD, Paralegal,
IMSI; et al.,

          Defendants - Appellees.

No. 12-35677

D.C. No. 3:11-cv-00002-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

    Idaho state prisoner William Gray appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging retaliation and violations

of his right of access to the courts.  We have jurisdiction under 28 U.S.C. § 1291.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)). We may affirm on any basis supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

The district court properly dismissed Gray's access-to-courts claim because Gray failed to allege facts showing "actual injury" from defendant Shedd's failure to serve his state court complaint upon the defendants by certified mail. *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (discussing actual injury requirement). Gray's contentions concerning the constitutionality of Idaho's laws governing service of process, the general applicability of federal law, and Shedd's alleged obligation to execute personal service are unavailing.

The district court did not abuse its discretion by denying Gray's motion to reconsider the dismissal of his access-to-courts claim because Gray failed to establish grounds warranting reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (stating standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

The district court properly dismissed Gray's retaliation claims as to

defendants Clausen, Hammer, Johnson, King, Nicodemus, Olesen, Roane, Titsworth, and Watts because Gray failed to allege sufficient facts to show retaliatory intent or link these defendants to an alleged adverse action. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context); *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (the timing of adverse actions alone is insufficient to establish retaliatory motive); *see also Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (discussing § 1983's causation requirement).

The district court did not abuse its discretion by denying Gray's various requests for leave to amend. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and noting that leave to amend may be denied if amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**