**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NARVIEZ V. ALEXANDER, | No. 13-15045 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00429-RCJ-WGC |
| v. | |
| DUANE GRAHAM; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, Chief Judge, Presiding

Submitted March 10, 2014[**]

Before:    PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Nevada state prisoner Narviez V. Alexander appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging, among other claims, deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1056 (9th Cir. 2004). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment for defendant Clark because Alexander failed to raise a genuine dispute of material fact as to whether Clark was deliberately indifferent in treating Alexander's ear. *See id.* at 1057-58 (neither a prisoner's difference of opinion concerning the course of treatment nor mere negligence in diagnosing or treating a medical condition amounts to deliberate indifference).

The district court did not abuse its discretion in denying Alexander's motion for appointment of counsel because Alexander failed to demonstrate "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (providing the standard of review and requirements for appointment of counsel).

The district court also granted summary judgment on Alexander's Eighth Amendment claim that defendant Hanson failed to provide treatment for a painful abscess for over sixty days. Hanson, however, was required to provide evidence explaining the delay, and did not do so. Thus, a triable dispute remains as to whether Hanson acted with deliberate indifference. *See Toguchi*, 391 F.3d at 1057 (discussing the subjective prong of the deliberate indifference standard); *see also* Fed. R. Civ. P. 56(a) (stating movant's burden on summary judgment). Accordingly, we reverse as to this claim and remand for further proceedings.

13-15045

Because the district court granted summary judgment for the supervisory defendants based on its conclusion that Hanson did not act with deliberate indifference, we also reverse summary judgment as to defendants Baca, Bannister, Cox, Hartman, Morrow, and Neven, and remand for further proceedings. Because we reverse as to these claims, we do not consider whether the district court abused its discretion in denying Alexander's request for discovery set forth in his opposition to summary judgment.

Moreover, the district court prematurely dismissed, without leave to amend, Alexander's claims in its order filed on January 14, 2011, because it is not "absolutely clear" that the deficiencies cannot be cured by amendment. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007); *Gordon v. City of Oakland*, 627 F.3d 1092, 1094-95 (9th Cir. 2010) (standard of review); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) ("[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."). Accordingly, we reverse and remand for the district court to provide Alexander with notice of the deficiencies in his complaint and allow him to amend.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009)

13-15045

(per curiam).

The parties shall bear their own costs on appeal.

**AFFIRMED in part; REVERSED in part; and REMANDED.**

13-15045