NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONALD ALPHONSO ALLEN, | No. 15-16505 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-08235-SRB-DMF |
| v. | |
| CHARLES L. RYAN, et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted August 16, 2016**

Before:     O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Donald Alphonso Allen appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging excessive force and deliberate

indifference claims arising out of events that occurred while he was in Arizona

state prison.   We review de novo a dismissal under 28 U.S.C. § 1915A.   *Resnick*

_____

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

*v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm in part, reverse in part, and remand.

The district court properly dismissed Allen's claims against defendants Ryan, Rider, Management Training Corporation, and "Capts, Sgts, and Lts of the first shift staff," because Allen failed to allege facts sufficient to state a plausible claim for relief. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (a supervisor is liable under § 1983 only if he or she is personally involved in the constitutional deprivation or there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)). Moreover, the district court did not abuse its discretion by denying Allen's motion for leave to amend his complaint against these defendants because amendment would have been futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and explaining that leave to amend may denied if amendment would be futile).

The district court denied Allen's motion for additional time to serve defendant Denoyer and dismissed Allen's claims against Denoyer for failure to serve. However, Allen demonstrated good cause to extend the time for service. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) *overruled on other*

*grounds by Sandin v. Conner,* 515 U.S. 472, 483–84 (1995) ("So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause" (citation and internal quotation marks omitted)); *In re Sheehan*, 253 F.3d 507, 511 (9th Cir. 2001) (setting forth standard of review); *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990) (party proceeding in forma pauperis is entitled to have summons and complaint served by United States Marshal).

Moreover, the district court erred by dismissing Allen's claims against Denoyer as barred by the applicable statute of limitations without providing Allen with an opportunity to demonstrate whether he was entitled to equitable tolling. *See Cervantes v. City of San Diego*, 5 F.3d 1273-77 (9th Cir. 1993) (determination of equitable tolling ordinarily requires reference to materials outside of the complaint and generally cannot be resolved on the face of the pleadings alone).

In sum, we affirm the district court's dismissal of Allen's claims against all defendants except Denoyer, and affirm the district court's denial of Allen's motion for leave to amend his complaint. We reverse the district court's dismissal of Allen's claims against Denoyer for failure to serve and as barred by the statute of limitations and remand for further proceedings.

Allen's request to appoint counsel, set forth in the opening brief, is denied.

**AFFIRMED in part, REVERSED in part, and REMANDED.**