NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 31 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEVONTE BERNARD HARRIS, | No. 16-17036 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-01629-MJS |
| v. | |
| I. VELO-LOPEZ; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Michael J. Seng, Magistrate Judge, Presiding[**]

Submitted May 24, 2017[***]

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Devonte Bernard Harris, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging an

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      Harris consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

access-to-courts claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Dismissal of Harris's action was proper because Harris failed to allege facts sufficient to show that he suffered an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 354-55 (1996) (access-to-courts claim requires showing of actual injury, which means prejudice to direct appeals of criminal convictions, habeas petitions, or challenges to conditions of confinement).

The district court did not abuse its discretion by denying Harris further leave to amend. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile).

**AFFIRMED.**