**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL CARRICK, | No. 18-16257 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-00454-LHK |
| v. | |
| TAMYRA ANN RICE, Santa Cruz County Counsel; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted January 15, 2019**

Before: TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Paul Carrick appeals pro se from the district court's judgment dismissing his

42 U.S.C. § 1983 action alleging federal and state law violations arising out of

Santa Cruz County's destruction of structures on his property. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Garity v. APWU Nat'l*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (collateral estoppel); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (res judicata).  We affirm.

The district court properly dismissed Carrick's action as barred by the doctrines of res judicata and collateral estoppel because Carrick's claims were raised, or could have been raised, in prior federal and state actions, and the issues regarding the legality of the Abatement Order and the preemptive effect of the Homestead Act were litigated and necessarily decided in those actions.  *See White v. City of Pasadena*, 671 F.3d 918, 926-27 (9th Cir. 2012) (federal and California doctrines of collateral estoppel); *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) (California doctrine of res judicata); *Stewart*, 297 F.3d at 956 ("Res judicata applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Carrick leave to amend because amendment would have been futile.  *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and explaining that leave to amend may be denied because amendment would be futile).

Because we affirm the district court's dismissal on the basis of res judicata and collateral estoppel, we do not consider the parties' contentions regarding the

sanctions motion.

We reject as meritless Carrick's contentions regarding the district court's violation of his Sixth Amendment right to a jury trial, its complicity in the destruction of the structures on his property, and its responsibility for his failure to file an opposition to the motion to dismiss.

We do not consider issues that were not specifically and distinctly raised and argued in Carrick's opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-16257