NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERRY LEE O'BRIEN, | No. 18-16962 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00166-GMS-DMF |
| v. | |
| CARLA HACKER-AGNEW, Warden, Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief Judge, Presiding

Submitted January 15, 2019[**]

Before:     TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Arizona state prisoner Terry Lee O'Brien appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging various claims.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Wilhelm v.*

*Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed as frivolous O'Brien's constitutional claims relating to the prison's alleged broadcasting of psychotic sounds because these claims lacked any arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (under § 1915(e)(2), a 'frivolous' claim lacks an arguable basis either in law or in fact; "[the] term 'frivolous' . . . embraces not only the inarguable legal conclusion, but also the fanciful factual allegation").

The district court properly dismissed O'Brien's retaliation and deliberate indifference claims because O'Brien failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context); *Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (elements of a deliberate indifference claim).

The district court did not abuse its discretion in denying O'Brien further leave to amend because amendment would have been futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and explaining that leave to amend may be denied because amendment would be

futile).

The district court did not abuse its discretion in denying O'Brien's motions to supplement the third amended complaint. *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (standard of review); *see also* D. Ariz. Loc. R. 3.4 ("All complaints and applications to proceed in forma pauperis by incarcerated persons must be . . . on forms approved by the Court and in accordance with the instructions provided with the forms . . . .").

The district court did not abuse its discretion in denying O'Brien's motion to take depositions as moot. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (standard of review).

We reject as meritless O'Brien's contentions that the district court violated his due process rights and was deliberately indifferent to his safety.

We do not consider arguments raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions are denied.

**AFFIRMED.**