NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARRELL EUGENE JOHNSON, | No. 18-17160 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-01257-LJO-BAM |
| v. | |
| DAVE DAVEY, Warden; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted November 18, 2019**

Before:    CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

California state prisoner Darrell Eugene Johnson appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth

and Fourteenth Amendment claims.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo.  *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011)

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Johnson's Eighth Amendment claim against defendant Aye because Johnson failed to allege facts sufficient to show that Aye was deliberately indifferent in treating Johnson's pain. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, plaintiff must allege sufficient facts to state a plausible claim); *Toguchi v. Chung*, 391 F.3d 1051, 1057, 1060-61 (9th Cir. 2004) (holding deliberate indifference "is a high legal standard" requiring a defendant be aware of and disregard an excessive risk to an inmate's health).

The district court properly dismissed Johnson's Fourteenth Amendment claim because Johnson failed to allege facts sufficient to show that he was treated differently from similarly situated prisoners. *See Ariz. Dream Act Coal. v. Brewer*, 855 F.3d 957, 966 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 1279 (2018) ("To prevail on an Equal Protection claim, plaintiffs must show that a class that is similarly situated has been treated disparately." (citation and internal quotation marks omitted)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not [state a claim].").

The district court did not abuse its discretion in denying Johnson further

leave to amend because amendment would have been futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile); *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (noting that a district court's discretion is particularly broad when it has already granted leave to amend).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Johnson's pending motions are denied.

**AFFIRMED.**