**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER STROJNIK, Sr., | No. 19-17110 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00077-SOM-KJM |
| v. | |
| KAPALUA LAND COMPANY, LTD., DBA Kapalua Villas Maui, | MEMORANDUM* |
| Defendant, | |
| and | |
| RICHARD M. RAND; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Submitted April 7, 2020**

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Peter Strojnik, Sr. appeals pro se from the district court's judgment

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

dismissing his action alleging violations of the Americans with Disabilities Act ("ADA") and state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). We affirm.

The district court properly dismissed Strojnik's ADA claim against defendants Rand and Marr Jones Wang, LLP because Strojnik failed to allege facts sufficient to demonstrate an injury as a result of the alleged threat. *See Brown v. City of Tucson*, 336 F.3d 1181, 1193 (9th Cir. 2003) (explaining that a plaintiff who claims he has been threatened in violation of the ADA must allege a "distinct and palpable injury").

The district court did not abuse its discretion by denying Strojnik leave to amend his ADA claim against defendants Rand and Marr Jones Wang, LLP, or leave to file an amended complaint substituting Outrigger Hotels and Resorts for defendant Kapalua Land Company, Ltd., because amendment would have been futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile); *see also Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Trust*, 867 F.3d 1093, 1100 (9th Cir. 2017) (district courts make "case-by-case determinations about whether a particular plaintiff's injury is imminent" (citation omitted)); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 950 (9th

19-17110

Cir. 2011) (setting forth elements of standing under the ADA).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**