**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER T. HARRELL,<br><br>      Plaintiff-Appellant,<br><br>v.<br><br>CLINT DINGMAN; et al.,<br><br>      Defendants-Appellees. | No.   19-17116<br><br>D.C. No. 2:19-cv-00031-KJM-AC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted July 14, 2020**

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Peter T. Harrell appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging federal and state law claims. We have

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a

dismissal for failure to comply with Federal Rule of Civil Procedure 8. *McHenry*

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     \*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).  We affirm.

The district court did not abuse its discretion by dismissing Harrell's action with prejudice because Harrell failed to comply with Rule 8's requirement of a short and plain statement of the claims, despite multiple warnings and opportunities to do so.  *See* Fed. R. Civ. P. 8(a)(2); *McHenry v. Renne*, 84 F.3d at 1177 (district court did not abuse discretion in dismissing with prejudice on the basis of Rule 8, where the complaint was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (dismissal under Rule 8 was proper where the complaint was "verbose, confusing and conclusory").

The district court did not abuse its discretion by denying Harrell leave to amend a third time because he failed to comply with the district court's previous orders.  *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile); *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (citation and internal quotation marks omitted)).

We reject as without merit Harrell's contention that his due process rights were violated by the magistrate judge's decision to vacate a portion of a previous order without prior notice or that the district court erred by failing to rule on his request for an intra-district transfer.

**AFFIRMED.**