NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| FRANCES DU JU, | No. 19-35628 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-05309-BHS |
| v. | |
| AIRBNB INC.; STATE OF WASHINGTON, | MEMORANDUM[*] |
| Defendants-Appellees. | |

|  |  |
|---|---|
| FRANCES DU JU, | No. 19-36028 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-05309-BHS |
| v. | |
| MAURICE LACOMBE; AIRBNB INC., | |
| Defendants-Appellees. | |

Appeals from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted December 2, 2020[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

In these companion appeals, Frances Du Ju appeals pro se from the district court's judgments dismissing her action alleging federal and state law claims arising out of her state court unlawful detainer proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017) (dismissal for failure to state a claim); *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007) (denial of motion to vacate arbitration award); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine). We affirm.

In Appeal No. 19-35628, the district court properly dismissed Ju's claims against the State of Washington and the Doe defendants because they are a "forbidden de facto appeal" of state court unlawful detainer proceedings, and raise issues that are "inextricably intertwined" with those proceedings. *Noel*, 341 F.3d at 1158, 1163; *see also Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (claims are "inextricably intertwined" for purposes of the *Rooker-Feldman* doctrine where "the relief requested in the federal action would effectively reverse the state court decision or void its ruling" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Ju leave to amend her claims against the State of Washington and Doe defendants because

2                                                    19-35628, 19-36028

amendment would have been futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile).

The district court did not abuse its discretion in denying Ju's January 25, 2019 motion for reconsideration because Ju failed to demonstrate any basis for relief. *See* W.D. Wash. Civ. R. 7(h)(1) (explaining the grounds for reconsideration); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (setting forth standard of review for a district court's enforcement of local rules).

In Appeal No. 19-36028, the district court properly denied Ju's motion to vacate an arbitration award in favor of Airbnb because Ju failed to demonstrate any of the grounds for vacating an award under sections 10(a)(3) and 10(a)(4) of the Federal Arbitration Act. *See Collins*, 505 F.3d at 879-80 (setting forth narrow grounds on which courts may vacate an arbitration award, which include prejudicial misconduct by the arbitrator, action that exceeds an arbitrator's power, and manifest disregard of the law).

The district court did not abuse its discretion in denying Ju's motion for default judgment against Airbnb because Ju and Airbnb had agreed to a settlement prior to the filing of Ju's motion. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review, and explaining that "default judgments are ordinarily disfavored" and courts should consider several factors in

entering a default judgment).

The district court properly dismissed counts one through thirteen, and count fifteen, of Ju's operative amended complaint against Lacombe because they are a "forbidden de facto appeal" of state court unlawful detainer proceedings, and raise issues that are "inextricably intertwined" with those proceedings. *Noel*, 341 F.3d at 1158, 1163; *see also Cooper*, 704 F.3d at 779.

The district court properly dismissed Ju's count fourteen (outrage) and sixteen (criminal law) against Lacombe because Ju failed to allege facts sufficient to state a plausible claim. *See Lyons v. U.S. Bank Nat'l. Ass'n*, 336 P.3d 1142, 1151 (Wash. 2014) (setting forth elements of an outrage claim under Washington law); Wash. Rev. Code Ann. § 9A.88.110 (criminalizing patronizing sex workers).

We reject as meritless Ju's contentions that the district court did not liberally construe her complaint, and that the district court should have allowed discovery.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**