**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUGLAS H. ROUGH, | No. 19-35902 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01555-RAJ |
| v. | |
| CHASE BANK; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted December 2, 2020**

Before:    WALLACE, SILVERMAN, and BRESS, Circuit Judges.

Douglas H. Rough appeals pro se from the district court's judgment dismissing his action alleging fraud and related federal claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Puri v. Khalsa*, 844

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1152, 1157 (9th Cir. 2017). We affirm.

The district court properly dismissed Rough's action because Rough failed to allege facts sufficient to satisfy the heightened pleading standard for fraud set forth in Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (discussing heightened pleading standard under Rule 9(b), which applies to state law claims alleging fraudulent conduct); *see also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) (elements of a Racketeer Influenced and Corrupt Organizations Act claim); *Adams v. King County*, 192 P.3d 891, 902 (Wash. 2008) (en banc) (elements of a fraud claim under Washington law).

The district court did not abuse its discretion by denying Rough leave to amend because amendment would have been futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile).

We reject as meritless Rough's contentions that he was held to a higher standard as a pro se plaintiff, and that the district court should have allowed him to conduct discovery.

We do not consider allegations not properly raised before the district court, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**