**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONNELL BLEDSOE, | No. 20-16650 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-02553-TLN-CKD |
| v. | |
| GUILIANI, Judge; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted June 21, 2021[**]

Before:     SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Donnell Bledsoe appeals pro se from the district court's judgment dismissing his action alleging federal claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Bledsoe's action because Bledsoe failed to state any plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion by denying leave to amend because amendment would be futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and stating leave may be denied if amendment would be futile); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel in a criminal proceeding); *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986) (en banc) (judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts; prosecutors are entitled to immunity from § 1983 claims).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Bledsoe's request for appointment of counsel, set forth in the opening brief, is denied.

**AFFIRMED.**