NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELA MICHELLE MORELLI, | No. 20-16506 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00088-JMS-WRP |
| v. | |
| JOSHUA B. HYMAN; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted June 21, 2021[**]

Before:    SILVERMAN, WATFORD, and VANDYKE, Circuit Judges.

Angela Michelle Morelli appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action arising out of her child custody

proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Dougherty v. City of*

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Covina*, 654 F.3d 892, 897 (9th Cir. 2011). We affirm.

The district court properly dismissed Morelli's claims against Hyman because Morelli failed to allege facts sufficient to show that he is a state actor. *See George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) (plaintiff alleging infringement of constitutional rights by private parties must show that the infringement constitutes state action).

The district court properly dismissed Morelli's claims against the County of Maui as time-barred. *See* Haw. Rev. Stat. § 657-7 (two-year statute of limitations for personal injury actions); *Jones v. Blanas*, 393 F.3d 918, 926-27 (9th Cir. 2004) (noting that, "for actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions").

The district court properly dismissed Morelli's claims against Hawaii and Hawaii judges as barred by the Eleventh Amendment and judicial immunity, respectively. *See Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) ("The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies." (citation and internal quotation marks omitted)); *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986) (en banc) (judges are immune from suit when performing judicial acts).

The district court properly dismissed Morelli's claims against the United

States as frivolous because Morelli's claims lacked any arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a "frivolous" claim lacks an arguable basis either in law or in fact; the "term 'frivolous' . . . embraces not only the inarguable legal conclusion, but also the fanciful factual allegation").

The district court did not abuse its discretion in denying further leave to amend because amendment would have been futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094-95 (9th Cir. 2010) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Morelli's motion for leave to file multiple reply briefs (Docket Entry No. 34) is granted. The Clerk will file the reply briefs submitted at Docket Entry Nos. 30 to 33.

**AFFIRMED.**