**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEON CODY; DARLENE CODY, | No. 20-16233 |
| Plaintiffs-Appellants, | D.C. No. 2:19-cv-02383-JAM-KJN |
| v. | |
| SUPERIOR COURT OF CALIFORNIA TRINITY COUNTY; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted July 19, 2021**

Before:     SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Leon Cody and Darlene Cody appeal pro se from the district court's

judgment dismissing their 42 U.S.C. § 1983 action arising out of state court

proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  *Serra v.*

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Lappin*, 600 F.3d 1191, 1995 (9th Cir. 2010). We affirm.

The district court properly dismissed the Codys' action as barred by the Eleventh Amendment. *See Simmons v. Sacramento County Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (state courts are "arms of the state" entitled to Eleventh Amendment immunity); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (official capacity suits are "another way of pleading an action against an entity of which an officer is an agent").

The district court did not abuse its discretion in denying further leave to amend because amendment would have been futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094-95 (9th Cir. 2010) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**